UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEM ANTHONY GRAYSON,<br><br>    Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>    Defendant. | Case No. 1:17-cv-04919<br><br>Honorable Thomas M. Durkin<br><br>Magistrate: Honorable Jeffrey T. Gilbert |

### FIRST AMENDED COMPLAINT

NOW comes KEM ANTHONY GRAYSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMCAST CABLE COMMUNICATIONS, LLC ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains offices within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a 50 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a media company with its principal place of business located at 1701 JFK Boulevard, Philadelphia, Pennsylvania. Defendant is nationally recognized and provides services to consumers across the country, including those located in the state of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately September 2014, Plaintiff began receiving calls to his cellular phone, (517) XXX-4405, from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4405. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant has used a couple of phone numbers when calling Plaintiff's cellular phone, including but not limited to (800) 266-2278.

11. Upon information and belief, the above phone number ending in 2278 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

12. Plaintiff is unaware as to why Defendant was calling him, as he has been a customer of DirecTV for approximately five years.

13. When Plaintiff answers calls from Defendant, he experiences a pre-recorded message, soliciting him to purchase its cable and internet services.

14. Defendant's automated message also provides an option to "opt-out" of receiving its phone calls, and Plaintiff has selected this prompt numerous times.

15. Despite his efforts to stop Defendant's incessant phone calls, Plaintiff continued to receive these solicitation calls.

16. Plaintiff has even called Defendant's corporate department and has informed it that he is not interested in its services, and reiterated his demands that it cease contacting him.

17. Plaintiff has told Defendant to stop calling him on a handful of occasions.

18. In spite of Plaintiff's efforts, Defendant continued to place calls to his cellular phone up until early 2017.

19. Defendant has also called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

20. For instance, on the following dates, Plaintiff received the corresponding amount of phone calls from Defendant:

| DATE | NUMBER OF PHONE CALLS |
|:---:|:---:|
| 10/22/2015 | 9 |
| 11/06/2015 | 10 |
| 11/20/2015 | 12 |
| 12/13/2015 | 9 |
| 12/15/2015 | 16 |
| 12/16/2015 | 16 |
| 12/19/2015 | 9 |

21. Defendant has placed multiple calls to Plaintiff's cellular phone within mere minutes of one another.

22. Plaintiff has received at least 275 phone calls from Defendant after notifying it to stop calling.

23. Defendant has called Plaintiff while he has been at work, which has caused him to lose out on additional employment opportunities.

24. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to him.

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $81.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The pre-recorded message that Plaintiff experiences before he is connected with a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS, as Plaintiff has received mass phone calls on a daily basis (i.e. 32 phone calls in a 2 day period).

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his numerous demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling Plaintiff 32 times in a span of just two days is clearly willful, and done by Defendant with the intent to harass Plaintiff into submission.

WHEREFORE, Plaintiff, KEM ANTHONY GRAYSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

37. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Plaintiff opted out of continuing to receive Defendant's phone calls via its automated prompt. When that did not work, Plaintiff even called Defendant's corporate center and spoke with a representative to whom he reiterated his demands that it stop contacting him. Plaintiff stated that he was not interested in its services and to stop

calling him. However, Defendant ignored Plaintiff's requests and unfairly continued to systematically contact him 275 times. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, Defendant's phone calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and purchase its cable television and internet services.

40. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Plaintiff received not less than 32 phone calls in a two-day period, with calls coming in within minutes of one another. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Plaintiff already informed Defendant to stop calling him.

41. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

43. As pled in paragraphs 22 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application subscription on his cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant multiple times that he was not interested in its services and to stop calling, but yet, he was still bombarded with solicitation phone calls.

Defendant continued to violate the law by engaging in a mass phone call campaign against Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KEM ANTHONY GRAYSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 8, 2017                               Respectfully submitted,

s/ Nathan C. Volheim                                s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                    Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Northern District of Illinois       Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com